UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **PHILLIP JENNINGS**, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Cause No. 1:25-cv-00591-ALT |
| | ) |
| **TEAM LINE, LLC**, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 5, 2025, Plaintiffs filed this action in federal court alleging diversity of citizenship under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Plaintiffs' allegations in the complaint about the parties' citizenships are inadequate to establish diversity jurisdiction. The citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Plaintiffs allege they are both domiciled in Georgia (ECF 1 ¶ 1), while Defendant Mohammadi is domiciled in California (*id.* ¶ 2). Plaintiffs also allege, as to Defendant Team Line, LLC's domicile, "[n]o member of Team Line LLC is a citizen of state Georgia (the citizenship of the plaintiffs) or of the state of Indiana (the forum state)." (*Id.* ¶ 3). But the Court must be advised of the identity and citizenship of each member of an LLC for purposes of diversity jurisdiction. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007) ("[A] naked declaration that there is diversity of citizenship is never sufficient."). Further, for any member who is an unincorporated association such as an LLC or partnership, Plaintiffs

2

must trace such member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with the other party. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

"Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (collecting cases); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992). The party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, Plaintiffs have not yet done so. Consequently, Plaintiffs are AFFORDED to and including November 14, 2025, to file a supplemental jurisdiction statement that adequately alleges the parties' citizenships.

SO ORDERED.

Entered this 7th day of November 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge